UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1789 CAS |
| ) | |
| JAMES GOBER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.25, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff sues defendants for denial of access to the courts and for violations of his right to due process. Plaintiff alleges that on October 15, 2014, defendant James Gober placed him in temporary administrative segregation ("TASC") because he was under investigation. Plaintiff says that defendant Robert Wagner took his legal materials from him, which caused him to miss a court deadline. Plaintiff claims his equal protection rights were violated when other inmates were released from TASC but he was not. Plaintiff claims that defendants violated Department of Corrections' policy by not completing required reports, not allowing him to introduce evidence at classification hearings, not giving him his TASC report, not disclosing the nature of the investigation, and not granting his grievances. Plaintiff believes these policy violations amounted to violations of the Due Process Clause. Plaintiff was released from administrative segregation on January 22, 2015.

Plaintiff claims he was placed in TASC again on October 14, 2015, pending another investigation. He repeats the same policy violations as recited above.

## Discussion

The complaint states a plausible claim for denial of access to the courts. Therefore, the Court will issue process on defendant Gober in his individual capacity.

Plaintiff sues Gober in both his individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that

employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendant in his official capacity.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *E.g.*, *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). Moreover, violations of the Department of Corrections' policies do not amount to violations of the Due Process Clause. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As a result, plaintiff's claims regarding his placement in TASC do not state a claim upon which relief can be granted, and the remaining defendants are dismissed.

Plaintiff's equal protection claim also fails to state a claim upon which relief can be granted. To establish an equal protection claim, "a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right.'" *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Plaintiff has made no such allegations.

Additionally, plaintiff's claims regarding the denial of grievances do not state a claim upon which relief can be granted. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Finally, plaintiff has filed a motion for injunction directing defendants to release him from administrative segregation. The motion is moot in light of the dismissal of his due process claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 3]

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis is **DENIED** as moot. [Doc. 6]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant James Gober.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants Richard Gaines, Tamera White, Gregory Rhodes, Melissa White, Randy Comden, Brad Burd, Robert Warner, Tom Villmer, Dwayne V. Kempker, Robert Killian, Unknown House, John/Jane Doe Assistant Warden, Paul Blair, Whitney Tucker, and Unknown Employee #E0057419 are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction is **DENIED as moot**. [Doc. 5]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of December, 2015.