UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1789 CAS |
| ) | |
| JAMES GOBER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's motion for appointment of counsel.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the

claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

The Court finds that appointment of counsel is not mandated at this time. The action has just completed initial review and the remaining defendant has not yet been served with process. There is only one claim in the case, that defendant Gober denied plaintiff access to the courts by taking plaintiff's legal materials from him, causing him to miss a court deadline. The record does not support the need for appointment of counsel as there is no indication of factual or legal complexity, or that plaintiff is unable to investigate or present his case. Plaintiff has filed articulate and easily understood pleadings which indicate he is capable of clear expression and appropriate organization of content, and the Court concludes it would not be aided at this time by the appointment of counsel. Thus, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice.  [Doc. 2]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of December, 2015.