# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WILLIAM WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1789 CAS |
| | ) | |
| JAMES GOBER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration. After reviewing the motion and the complaint, the Court will vacate its prior Memorandum and Order and Order of Dismissal of December 21, 2015. The Court finds that defendant Robert Warner should be reinstated as a defendant. The Court further finds that the remaining defendants, including defendant James Gober, must be dismissed under 28 U.S.C. § 1915(e). As a result, the motion for reconsideration is granted in part and denied in part.

### Motion to Proceed In Forma Pauperis

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.25, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions"

and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff sues defendants for denial of access to the courts and for violations of his rights to equal protection and due process. Plaintiff also seeks injunctive relief. Plaintiff alleges that on October 15, 2014, defendant James Gober had him placed in temporary administrative segregation ("TASC") because he was under investigation. Plaintiff alleges that in moving him to TASC, defendant Robert Warner did not allow plaintiff to take his legal materials along to TASC and instead had them placed in storage, which caused plaintiff to miss a court deadline.

Plaintiff claims his equal protection rights were violated when other inmates were released from TASC after a short time but he was not.

Plaintiff claims that defendants violated Department of Corrections' policy by not completing required reports, not allowing him to introduce evidence at classification hearings, not giving him his TASC report, not disclosing the nature of the investigation, and not granting his grievances. Plaintiff alleges that he was not given twenty-four hours' notice of the initial TASC Classification hearing, and at the hearing was not told what he was under investigation for and therefore could not offer a defense. Plaintiff claims that he was similarly not given any

information at a subsequent thirty-day review hearing. He believes these policy violations amounted to violations of the Due Process Clause. Plaintiff was released from administrative segregation on January 22, 2015.

Plaintiff alleges he was placed in TASC again on October 14, 2015, pending another investigation, and alleges similar policy violations as recited above.

Plaintiff alleges that he filed grievances after both placements in TASC but the grievances were denied.

## Discussion

The complaint states a plausible claim for denial of access to the courts. Therefore, the Court will issue process on defendant Robert Warner in his individual capacity only.

Plaintiff sues Warner in both his individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendant in his official capacity.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. The Eighth Circuit has consistently held that placement in administrative "'segregation, even without cause, is not itself an atypical and significant hardship.'" *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (quoting *Phillips*, 320 F.3d at 847) (deciding a

prisoner was not deprived of a liberty interest during a nine-month stay in administrative segregation); s*ee Ballinger v. Cedar County, Mo.*, No. 14-3576, 2016 WL 158083, at *4, __ F.3d __ (8th Cir. Jan. 14, 2016) ("administrative and disciplinary segregation are not atypical and significant hardships under *Sandin [v. Conner,* 515 U.S. 472 (1995)].") (quoted case omitted). In *Ballinger*, the Eighth Circuit held that a prisoner's placement in administrative segregation for one year while an appeal of a judge's ruling vacating his conviction was ongoing did not constitute an atypical and significant hardship and therefore did not violate plaintiff's Fourteenth Amendment due process rights. *Id.* Here, plaintiff alleges two placements in administrative segregation, each lasting a little over three months. Under Eighth Circuit precedent, these allegations fail to state a claim for a due process violation.

Further, violations of the Department of Corrections' policies do not amount to violations of the Due Process Clause. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As a result, plaintiff's claims relating to his placement in TASC do not state a claim upon which relief can be granted, and the remaining defendants are dismissed.

Plaintiff's equal protection claim also fails to state a claim upon which relief can be granted. To establish an equal protection claim, "a prisoner must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a 'fundamental right.'" *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). Plaintiff has made no such allegations.

Next, plaintiff's claims regarding the denial of grievances do not state a claim upon which relief can be granted. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Finally, plaintiff filed a motion for injunction directing defendants to release him from administrative segregation. The motion is moot in light of the dismissal of his due process claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is **GRANTED** in part and **DENIED** in part. [Doc. 14]

**IT IS FURTHER ORDERED** that the Court's Memorandum and Order and Order of Dismissal dated December 21, 2015, are **VACATED**. [Docs. 8, 9]

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 3]

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis is **DENIED** as moot. [Doc. 6]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Robert Warner.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against all defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants James Gober, Richard Gaines, Tamera White, Gregory Rhodes, Melissa White, Randy Comden, Brad Burd, Tom Villmer, Dwayne V. Kempker, Robert Killian, John/Jane Doe Assistant Warden, Paul Blair, Whitney Tucker, Unknown House, and Jason Horn[1] are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED as moot**. [Doc. 5]

An Order of Partial Dismissal will be filed separately.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of January, 2016.

---

[1] On January 5, 2016, the Court granted plaintiff's motion to substitute party name and updated the docket sheet and case caption to substitute defendant Jason Horn for the defendant originally sued as "Employee No. E0057419." *See* Doc. 13.