# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1789 CAS |
| | ) | |
| JAMES GOBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 25, 2016, plaintiff filed a document titled "Plaintiff's Response to Defendant Warner's Affirmative Defenses." The Court construes this filing as a reply.

Rule 7(a) of the Federal Rules of Civil Procedure specifies the pleadings which are permitted to be filed in a federal civil case. The Rule states:

> **(a) Pleadings**. Only these pleadings are allowed:
>
> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) <u>if the court orders one, a reply to an answer</u>.

Rule 7(a), Fed. R. Civ. P. (emphasis added).

Under Rule 7, the pleadings generally conclude when there is a responsive pleading to a complaint, in this case, defendant Warner's Answer. See 2 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 7.02[7][a] (3d ed. 2014). "All defenses or allegations in the last such responsive pleading are deemed to be denied, including affirmative defenses." <u>Id.</u>; see Rule 8(b)(6), Fed. R. Civ. P. ("If a responsive pleading is not required, an allegation is considered denied or avoided.").

As a result, "a reply is allowed only on a court order and in limited circumstances." 2 Moore's Federal Practice § 7.02[7][a]. "A clear showing of necessity or of extraordinary circumstances of a compelling nature will usually be required before the court will order a reply. Even an allegation of new matter that goes beyond the allegations of the responsive pleading is not a sufficient ground for a reply. Id., § 7.02[7][b]. "Thus, replies to affirmative defenses generally will not be permitted or required." Id.

In this case, the defendant's answer did not contain a counterclaim and the Court did not order plaintiff to file a reply to the answer. The document filed by plaintiff merely seeks to reply to defendant's affirmative defenses and does not indicate a clear showing of necessity or of extraordinary circumstances of a compelling nature. Plaintiff's reply is therefore not properly filed under Rule 7(a), Fed. R. Civ. P., and will be stricken from the record. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Response to Defendant Warner's Affirmative Defenses, construed as a reply to the defendant's Answer, is **STRICKEN** from the record of this case. [Doc. 24]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete from the record of this case Document 24, plaintiff's reply to the defendant's Answer (docketed as "Plaintiff's Response to Defendant Warner's Affirmative Defenses").

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of March, 2016.