# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-1789 CAS |
| v. ) | |
| ) | |
| JAMES GOBER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Benjamin William Wagner's motion to compel the production of documents from defendant Robert Warner, and motion to amend the case management order. Defendant opposes the motion to compel and it is fully briefed. Defendant did not respond to the motion to amend the case management order.

Plaintiff, a prisoner at Farmington Correctional Center in Farmington, Missouri, filed this suit under 42 U.S.C. § 1983 against Warner, a Farmington functional unit manager. Plaintiff alleges that when he was being moved to administrative segregation ("TASC") on October 15, 2014, defendant Warner did not allow him to take his legal materials along to TASC and instead had them placed in storage, which caused plaintiff to miss a court deadline. On review under 28 U.S.C. § 1915A, the Court found that plaintiff stated a claim for denial of access to the courts.[1]

For the following reasons, the Court will deny plaintiff's motion to compel, but will grant his motion to amend the case management order.

---

[1] Plaintiff also asserted other claims against other defendants, but these were dismissed on review pursuant to 28 U.S.C. § 1915A. See Mem. and Order of Jan. 20, 2016 (Doc. 16).

**Discussion**

Plaintiff moves to compel defendant Warner to respond more completely to his First Request for Production of Documents dated June 7, 2016. Specifically, plaintiff moves to compel the production of his request for "the complete prison record for plaintiff." The Court notes that plaintiff corresponded with defendant in a good-faith effort to resolve the discovery dispute prior to filing his motion to compel, as required by Local Rule 3.04(A) and Federal Rule of Civil Procedure 37(a)(1). Mot. to Compel at 2; see Order of June 2, 2016 (Doc. 31).

Defendant objects to this request on the basis that it is vague and ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and because many of the documents contained in such a broad request would likely be confidential and implicate the safety and security of the prison. Defendant states that plaintiff has not made a threshold showing the request would be relevant to the claim he has made in this case, and defendant states he has produced initial and supplemental disclosures totaling 109 pages, and an additional 24 pages of documents in response to plaintiff's requests for production of documents. Def.'s Response at 1 (Doc. 34).

Defendant objects that plaintiff's request for production is not limited and covers the entire time period of plaintiff's incarceration as well as every document generated by the Missouri Department of Corrections in relation to his incarceration. Defendant asserts it would "likely require many hundreds of pages and many such pages would likely have to be redacted due to confidential information . . . in order to prevent a compromise to the safety or security of the institution." Id. at 5. Defendant argues the request is not proportional as the "issues in the case concern a single alleged incident and the very discrete matter whether Plaintiff was unconstitutionally deprived of access to his legal materials." Id. at 3.

Plaintiff replies that he will amend his request to limit the scope of time to the period of October 14, 2014 to March 31, 2015. Plaintiff asserts that his request is proportional to the case "in that defendant states that his actions were in accordance with MODOC Procedures, and said Procedures state that certain documents were to be generated by this procedure, when said documents were requested Defendant's Response was NONE." Pl.'s Reply at 1 (Doc. 35).[2]

Federal Rule of Civil Procedure 26(b), as amended December 1, 2015, addresses the scope of discovery:

> **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P.

The Court has considered the substance of plaintiff's arguments and reviewed the discovery request and defendant's response and objections thereto. The Court finds that defendant's objections are appropriate. Plaintiff fails to explain how the documents he seeks are relevant to his claim. Plaintiff states that his request for the "complete prison record" is relevant because defendant stated in response to a separate Request for Production of Documents that a particular document required by institutional procedures does not exist. Pl.'s Reply at 1, Ex. 1(a). Defendant's response that a specific document does not exist does not persuade the Court that plaintiff's request for a copy of

---

[2]This document is titled "Plaintiff's Response to Defendant's Response in Opposition to Plaintiff's Motion to Compel." It was docketed as plaintiff's Reply in support of his Motion to Compel.

his "complete prison record" seeks relevant information. Plaintiff's statement that "it is believed there will be additional admissible evidence produced from the request to produce," Reply at 4, is mere speculation.

Plaintiff's request for his "complete prison record" is also overbroad, see McGee v. Kurth, 2014 WL 6607007 (E.D. Mo. Nov. 19, 2014). In the context of this case, plaintiff's limitation of the request to a five-month time period does not resolve the problem. As defendant observes, this case concerns a limited time period and set of facts relating to plaintiff's placement in TASC on October 15, 2014 and defendant's refusal to allow plaintiff to take his legal materials with him on that date. Finally, defendant's assertion of institutional safety and security concerns presented by the production of an inmate's "complete prison record" is legitimate, as is the burden associated with such production, including the need to redact sensitive documents. See Mo. Rev. Stat. § 217.075.1(3) (prohibiting the disclosure of any document relating to institutional security of a corrections facility).

For these reasons, plaintiff's motion to compel will be denied.

Plaintiff's motion to amend the case management order to extend the discovery deadline will be granted. An order amending the case management order will be issued separately.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel production of his "complete prison record" for the period October 15, 2014 to March 31, 2015 is **DENIED**. [Doc. 33]

4

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the Case Management Order is **GRANTED**. [Doc. 32]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of September, 2016.