UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-1789 CAS |
| v. ) | |
| ) | |
| JAMES GOBER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Benjamin William Wagner's motion to take the deposition of remaining defendant Warner. Defendant opposes the motion. Plaintiff did not file a reply and the time to do so has passed. For the following reasons, the motion will be denied.

Plaintiff, a prisoner at Farmington Correctional Center in Farmington, Missouri, filed this suit under 42 U.S.C. § 1983 against Warner, a Farmington functional unit manager.[1] Plaintiff alleges that when he was being moved to administrative segregation ("TASC") on October 15, 2014, defendant Warner did not allow him to take his legal materials along to TASC and instead had them placed in storage, which caused plaintiff to miss a court deadline. On review under 28 U.S.C. § 1915A, the Court found that plaintiff stated a claim for denial of access to the courts.

**Discussion**

Plaintiff's motion states that "due to conflicting Responses in Defendant Warner's Interrogatory responses and Production Requests by Plaintiff, Plaintiff believes a deposition is the

---

[1] Plaintiff also asserted other claims against other defendants, but these were dismissed on review pursuant to 28 U.S.C. § 1915A. See Mem. and Order of Jan. 20, 2016 (Doc. 16).

only way to clear up said conflicts." Mot. at 1 (Doc. 39). The motion also states that plaintiff "cannot afford to pay for said deposition." Id.

Defendant opposes the motion on the basis that plaintiff has not stated sufficient grounds to support his request, as plaintiff has not demonstrated that written discovery is inadequate for him to obtain relevant information. Defendant asserts that plaintiff fails to state why a deposition is necessary other than his vague reference to "conflicting responses" in defendant's previous responses to discovery. Defendant states that plaintiff has extensively utilized written discovery in the case, serving three separate sets of interrogatories, three requests for production of documents, and ten requests for admission. Defendant notes that this Court has previously stated its preference for prisoner litigants to utilize written discovery requests, rather than depositions, in obtaining discovery from other parties, citing Price v. Larkins, 2011 WL 2416383, at *1 (E.D. Mo. June 13, 2011), and Johnson v. Nieman, 2010 WL 1740365, at *2 (E.D. Mo. Apr. 30, 2010).

Defendant also objects that plaintiff has not demonstrated that he can satisfy the requirements to take a deposition, including retaining a court reporting service and paying fees as expenses, citing United States Marshals Service v. Means, 741 F.2d 1053, 1056-57 (8th Cir. 1984) (en banc) (indigent litigants must pay witness fees and expenses, even when proceeding in forma pauperis under 28 U.S.C. § 1915).

Finally, defendant states that the discovery deadline was extended at plaintiff's request from August 31, 2016 until December 15, 2016, and plaintiff's motion for deposition was filed on November 28, 2016, and if granted, would require the further extension of the discovery deadline.

Plaintiff's motion states that he cannot afford to pay the costs associated with taking a deposition. As defendant states, in United States Marshals Service, 741 F.2d at 1056, the Eighth

2

Circuit observed that while 28 U.S.C. § 1915 expressly provides for service of process for an indigent party's witnesses, it does not mention payment of fees and expenses for such witnesses. The Eighth Circuit concluded that Section 1915 does not impliedly authorize government payment of witness fees and expenses for indigent litigants. Id. Thus, plaintiff is required to pay for the costs of a court reporter or witness fees, even though he is proceeding in forma pauperis. Plaintiff does not cite, and the Court is not aware of, any basis for the waiver of fees for the costs of discovery. Because plaintiff has stated he cannot afford the court reporter and witness fees, his motion should be denied.

In addition, defendant is correct that this Court prefers prisoner plaintiffs to conduct discovery primarily through written interrogatories, requests for production of documents, and requests for admission. See Price, 2011 WL 2416383, at *1; Johnson, 2010 WL 1740365, at *2. Here, where plaintiff merely asserts in a vague and conclusory manner that the significant discovery he has conducted has resulted in "conflicting responses," without providing any examples or explaining how the responses conflict and cannot be reconciled, plaintiff does not establish that a need for deposition testimony exists.

For these reasons, plaintiff's motion for deposition will be denied. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for deposition of the defendant is **DENIED**. [Doc. 39]

                                      **CHARLES A. SHAW**
                                      **UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of January, 2017.