UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:15-CV-1789 CAS |
| v. ) | |
| ) | |
| JAMES GOBER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on remaining defendant Robert Warner's Motion for Summary Judgment.[1] Plaintiff Benjamin William Wagner opposes the motion and it is fully briefed. Warner moves for summary judgment on the merits and on the basis of qualified immunity. For the following reasons, the motion will be granted.

**I. Background**

Plaintiff, a prisoner at Farmington Correctional Center in Farmington, Missouri, filed this suit under 42 U.S.C. § 1983 against Warner, a Farmington functional unit manager. Plaintiff alleges that when he was being moved to administrative segregation on October 15, 2014, defendant Warner did not allow him to take his legal materials along to administrative segregation and instead had the

---

[1]On review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed plaintiff's equal protection, due process, and injunctive relief claims for failure to state a claim, and issued process only on plaintiff's access to the courts claim against defendant Warner in his individual capacity. The Court dismissed without prejudice plaintiff's claims against defendants James Gober, Richard Gaines, Tamera White, Gregory Rhodes, Melissa White, Randy Comden, Brad Burd, Tom Villmer, Dwayne V. Kempker, Robert Killian, John/Jane Doe Assistant Warden, Paul Blair, Whitney Tucker, Unknown House, and Jason Horn, and plaintiff's official-capacity claims. See Mem. and Order of Jan. 20, 2016 (Doc. 16), and Order of Partial Dismissal (Doc. 17).

materials placed in storage, which caused plaintiff to miss a court deadline. On review under 28 U.S.C. § 1915(e), the Court found that plaintiff stated a claim for denial of access to the courts.

**II. Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

**III. Facts**[2]

The Court finds the following facts for purposes of summary judgment.

---

[2]Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Plaintiff did not respond to defendant Warner's Statement of Uncontroverted Material Fact. Plaintiff did dispute three paragraphs of defendant Warner's Affidavit, which provides support for portions of the Statement of Uncontroverted Material Facts. As a result, for purposes of this motion plaintiff is deemed to have admitted all of Warner's Statement of Uncontroverted Material Facts that he has not disputed by means of disputing the supporting paragraphs of Warner's Affidavit. See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014) (if the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)).

1. At all times relevant to this action, defendant Warner was employed by the Missouri Department of Corrections as the Functional Unit Manager ("FUM") of Housing Unit 7 at Farmington Correctional Center ("FCC") in Farmington Missouri. (Compl., p. 8; Warner Aff., Ex. A ¶ 1; Pl. Dep., Ex. B, 12:22-24.)

2. At all times relevant to this action, plaintiff Benjamin Wagner ("plaintiff") was an inmate incarcerated at FCC. (Pl. Dep.10:18-24.)

3. On October 15, 2014, plaintiff was relocated from Housing Unit 7 and placed in administrative segregation in Housing Unit 5. (Ex. A ¶ 2.)

4. During this relocation, plaintiff's property was packed by Correctional Officer II Jesse McFall and plaintiff's cellmate at the time, offender Randy Reagan. (Pl. Dep. 14:3-21; Ex. C.)

5. After plaintiff's property was searched, it was then either taken to storage or to plaintiff's new cell in administrative segregation. (Ex. A ¶ 4.)

6. Defendant Warner was not a property officer. (Pl. Dep. 27:18-19.)

7. Defendant did not pack plaintiff's property. (Pl. Dep. 14:3-21; Ex. A ¶ 5.)

8. Defendant Warner did not search, pack, or handle in any way plaintiff's property during his move from Housing Unit 7 to Housing Unit 5. (Ex. A ¶ 5.)

9. Defendant Warner did not give any orders to any staff regarding the disposition or storage of plaintiff's property. (Ex. A ¶ 6.)[3]

---

[3]Plaintiff disputes paragraph 6 of Warner's Affidavit by stating, "Plaintiff disputes this statement in that as the Housing Unit 7 Function Unit Manager as Defendant states in #1 he would have advised custody of Plaintiff's placement in Housing Unit 5 and directed them to pack plaintiff's property." Pl.'s Response at 11, ¶ 6 (Doc. 62). Plaintiff does not cite to any record evidence to support this assertion, and relies merely on Warner's status as FUM of Housing Unit 7. This bare assertion is insufficient to establish a genuine dispute of fact. "To establish a genuine factual issue, a party 'may not merely point to unsupported self-serving allegations.' Anda v. Wickes Furniture

4

10. As the FUM of Housing Unit 7, defendant Warner has no possession, custody, or control over any property from offenders housed in Housing Unit 5, such as the plaintiff. (Ex. A ¶ 8; Pl. Dep. 27:25, 28:1-13.)

11. Plaintiff never requested any legal materials or any other property from defendant Warner. (Pl. Dep. 27:25, 28:1-9; Ex. A ¶ 10).

12. Even if plaintiff had requested his legal work from defendant Warner after he was transferred to Housing Unit 5, Warner would not have been able to give it to him as plaintiff was no longer in Warner's housing unit. (Ex. A ¶ 11.)

13. Once plaintiff was transferred to Housing Unit 5, he had no further interaction with defendant Warner until he was released back to general population. (Ex. A ¶ 12.)

14. The "court mandated filing date" that plaintiff's Complaint alleges he missed as a result of Warner's actions was in the case of Wagner v. Wagner, Case No. 14DR0149. (Pl.'s Resp. to Def.'s First Set of Interrogs., Ex. D, ¶ 5).

15. Wagner v. Wagner was a divorce case filed by plaintiff's second wife in the Domestic Relations Division of the Court of Common Pleas in Highland County, Ohio ("Ohio Court"). (Id.; Pl. Dep. 28:14-25.)

16. The Wagner v. Wagner case was not related to plaintiff's criminal conviction. (Pl. Dep. 28:14-25, 29:1-3.)

---

Co., 517 F.3d 526, 531 (8th Cir. 2008) (internal quotation and citation omitted). 'Instead, the [party] must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.' Id. (internal quotation and citation omitted)." Residential Funding Co., LLC v. Terrace Mortgage Co., 725 F.3d 910, 915 (8th Cir. 2013). The Court also notes that plaintiff's Affidavit (Doc. 62 at 14-15) does not contain any factual allegations that would establish a genuine issue of material facts with respect to paragraph 6 of Warner's Affidavit, and plaintiff's Statement of Material Facts (Doc. 62 at 12) is not supported by any citation to record evidence.

5

17. The Wagner v. Wagner case was not related to plaintiff's conditions of confinement in prison. (Pl. Dep. 29:4-7.)

18. On December 12, 2014, the Ohio Court docketed five filings from plaintiff:

> A. Petition for Writ of Habeas Corpus Ad Testificandum Via Video Conference or Phone. (Ex. E, Ohio Court record, 22.)
>
> B. Memorandum in Support of Writ of Habeas Corpus Ad Testificandum Via Video Conference or Phone. (Ex. E, 23-25.)
>
> C. Petition for Waiver of Requirement of Local Rule 21.1 Educational Seminar. (Ex. E, 26.)
>
> D. Petition for Full Hearing on the Parties['] Assets and Liabilities. (Ex. E, 27.)
>
> E. Letter to the Court Clerk. (Ex. E, 28.)

19. On December 17, 2014, the Ohio Court found that plaintiff's filings were not timely filed as the court had already held the final hearing on the matter on November 3, 2014, and that plaintiff had been sent an assignment notice on September 9, 2014 of the final hearing on November 3, 2014. (Ex. E, 29.)

20. Also on December 17, 2014, a Magistrate for the Ohio Court recommended that the divorce decree be granted. (Ex. E, pp. 30-41.)

21. The Magistrate's recommendations noted that plaintiff was absent from the November 3, 2014 hearing, but did not make any findings that plaintiff's absence from the hearing, or the untimeliness of plaintiff's court filings, had any impact on the outcome of the divorce action. (Ex. E, pp. 30-41.)

22. The Magistrate ordered that any written objections to her recommendation be filed within fourteen days of its filing on December 17, 2014. (Ex. E, p. 41.)

23. On December 29, 2014, plaintiff timely filed a "Defendant's Objection & Notice of Appeal" of the Magistrate's recommendations. (Ex. E, pp. 42-44.)

24. On April 8, 2015, plaintiff filed a Memorandum with the Ohio Court requesting that it order the Missouri Department of Corrections to deduct transcript fees and court costs from his offender account. (Ex. E, p. 70.)

25. On April 13, 2015, the Ohio Court denied plaintiff's request concerning transcript fees and court costs, stating in part that "the Highland County Common Pleas Court does not have jurisdiction over the Missouri Department of Corrections." (Ex. E, p.72.)

26. On April 24, 2015, the Ohio Court approved and adopted the Magistrate's recommendations in full and the divorce decree became final. (Ex. E, p. 73.)

27. Plaintiff testified in his deposition that if he had been able to timely file the documents identified in paragraph 18 above, he "would have had a chance to state my claim;" address discrepancies in the petition; "I believe that I would have recovered partial – part of my assets;" and "there's at least a chance I would have been able to have at least phone calls or – and a visit once or twice a year from my son." (Pl. Dep. 33:3-14.)

## IV. Discussion

Defendant Warner moves for summary judgment on plaintiff's denial of access to the courts claim, arguing that the claim fails because (1) plaintiff was not attempting to litigate a claim challenging his sentence or conditions of confinement, (2) plaintiff fails to show he has suffered an actual injury, and (3) plaintiff fails to allege, and is unable to show, that defendant acted with intentional motivation to restrict plaintiff's access to the courts. Warner also asserts that plaintiff

7

fails to establish Warner's personal involvement in any alleged constitutional violation. Finally, Warner asserts that he is entitled to qualified immunity.

The Court agrees with defendant Warner that plaintiff cannot assert a claim for denial of access to the courts based on defendant's alleged interference with plaintiff's divorce case. In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

To have a cognizable injury for standing purposes, however, a prisoner claiming denial of access to the courts must show that the allegedly frustrated claim was (1) a direct appeal of the conviction for which he was incarcerated; (2) a petition for writ of habeas corpus, or (3) an action under 42 U.S.C. § 1983 "to vindicate basic constitutional rights." Lewis v. Casey, 518 U.S. 343, 354 (1996) (internal quotations and citation omitted). As the Eighth Circuit Court of Appeals has stated, "Lewis limits the scope of the right of access to the courts to the filing of an action attacking a sentence or challenging conditions of confinement." Cody v. Weber, 256 F.3d 764, 770 (8th Cir. 2001). The Supreme Court has explained, "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

Applying these principles to the present case, plaintiff's claim that he was not able to file papers in his divorce case because of Warner's alleged interference asserts the "impairment of an *other* litigating capacity" that is unrelated to plaintiff's underlying conviction, a habeas corpus petition, or a § 1983 action concerning conditions of confinement. Even if plaintiff suffered an

8

injury in the nature of lost marital assets or the chance for greater child custody rights, the injury requirement associated with the right of access to the courts "is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.

Numerous cases have held that the constitutional right of access to the courts does not extend to litigation involving divorce cases. See, e.g., Dopp v. W. Dist. of Okla., 105 F. App'x 259, 260 (10th Cir. 2004); Davis v Hill, 145 F.3d 1345 (Table), 1998 WL 208863, at *2 (10th Cir. 1998); Shaw v. Gibson, 2014 WL 3057407, at *2 (E.D. Ark. June 17, 2014); Wylie v. Montana Women's Prison, 2014 WL 1871825, at *2 (D. Mont. May 8, 2014); McIntosh v. Thompson, 2010 WL 5677139, at *8 (E.D. Tex. Mar. 22, 2010). See also Dorsey v. Kurth, 2011 WL 31104, at *4 (E.D. Mo. Jan. 5, 2011) (prisoner plaintiff could not assert a claim for denial of access to the courts based on the defendant's alleged interference with his Social Security disability claim).

Plaintiff's assertion that he establishes a denial of access to the courts because there is a fundamental right under the due process clause of the Fourteenth Amendment for an individual to obtain a divorce, Boddie v. Connecticut, 401 U.S. 371 (1971), is unpersuasive for the reasons articulated by Warner in his Reply memorandum. (Doc. 65 at 6-7.)

Defendant Warner has shown there are no genuine issues of material fact in dispute, and has established as a matter of law that plaintiff fails to show the existence of a constitutional violation based on Warner's alleged interference with plaintiff's attempt to litigate in his divorce action. Warner is therefore entitled to summary judgment on plaintiff's denial of access to the courts claim. Because plaintiff fails to establish the existence of a constitutional violation, it is not necessary for the Court to address defendant Warner's additional arguments in support of summary judgment, or the issue of qualified immunity.

9

## V. Other Motions

Plaintiff filed a motion for reconsideration of the Court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of his claims against five other defendants in the original petition, and a motion for an order directing the Clerk of the Court to return a portion of the filing fee in this matter that plaintiff contends was improperly withheld from his inmate account by the Missouri Department of Corrections. The Court has carefully considered these motions, which are fully briefed, and finds that both are without merit and should be denied. Plaintiff's other pending motions will be denied as moot.

## VI. Conclusion

For the foregoing reasons, the Court will grant defendant Warner's motion for summary judgment on plaintiff's claim for denial of access to the courts.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Warner's motion for summary judgment is **GRANTED**. [Doc. 53]

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of the dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of his claims against defendants Gaines, Rhodes, White, Camden and White is **DENIED**. [Doc. 49]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Order is **DENIED**. [Doc. 56]

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot**. [Docs. 46, 50, 51, 70]

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of July, 2017.